**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

WILLIAM SCOTT, et al.,

    Plaintiffs,

v.

ONYX WASTE SERVS. MIDWEST, INC.,
n/k/a VEOLIA ES SOLID WASTE
MIDWEST, LLC,

    Defendant.

No. 10 C 3427
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

William Scott, Andrew Watkins, and Cater Curenton brought suit against their former employer Onyx Waste Services Midwest, Inc., now Veolia ES Solid Waste Midwest, LLC, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Defendant moved for summary judgment against Plaintiffs Watkins and Curenton for failing to exhaust their administrative remedies prior to filing suit. After some later factual discoveries, Curenton conceded his dismissal from the suit in a status hearing held before me on June 1, 2011. For the reasons described below, I now grant Defendant's motion for summary judgment against Plaintiff Watkins.

### II. STATEMENT OF FACTS

The following facts are taken from the parties' Local Rule 56.1 statements and amendments thereto. In 2004, the defendant employed Plaintiffs William Scott and Andrew Watkins, both African-Americans, as commercial drivers. They were all employed at

Defendant's Evanston facility, and both were later transferred to the Northbrook facility. While employed at the Northbrook facility, Plaintiffs had the same general manager, a Caucasian.

On November 15, 2004, Scott was terminated. The reason given for Scott's discharge was a violation of Defendant's preventable accident policy, which requires the termination of any employee having three preventable accidents within a rolling 12-month period.[1] Four months later, on March 10, 2005, Watkins was terminated after his third "preventable accident."

All of the underlying accidents for each Plaintiff were distinct incidents happening at different times.

On June 27, 2005, Scott filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The charge noted that the complaint was "brought on behalf of a class of other similarly situated employees." A "right to sue letter" was issued by the EEOC on March 5, 2010. Watkins never filed an EEOC charge or received a right to sue letter.

On June 4, 2010, Plaintiffs brought this lawsuit, under Title VII of the Civil Rights Act of 1964.

## III. STANDARD OF REVIEW

Summary judgment is appropriate if the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court evaluates the evidence in the light most favorable to the nonmoving party, making no

---

[1] The parties in this suit agree that all three plaintiffs were fired pursuant to Defendant's preventable accident policy. Plaintiffs contend, however, that the reason was either pretext or that the policy was applied more harshly against African-American employees than other employees.

determinations as to the credibility of witnesses or the weight of the evidence. *See Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 255 (1986); *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2006).

## IV. DISCUSSION

### A. The "Single Filing" Doctrine

Before filing suit under Title VII, an individual must file a charge with the Equal Employment Opportunity Commission ("EEOC") and receive a "right to sue letter." 42 U.S.C. § 2000e-5(e); *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006); *Babrocky v. Jewel Food Co*., 773 F.2d 857, 863 (7th Cir. 1985). The purpose of this requirement is to give the EEOC a chance to investigate the charge and to encourage the complainant and the employer to resolve their dispute through the conciliation services offered by the EEOC. *Doe*, 456 F.3d at 708.

Nevertheless, Courts have recognized exceptions to this rule, including the "single-filing" (or "piggybacking") doctrine, which allows one to join the suit of another who has exhausted his or her administrative remedies. *See e.g.*, *Brooks v. Dist. Hosp. Partners, L.P.*, 606 F.3d 800, 807 (D.C. Cir. 2010); *Price v. Choctaw Glove & Safety Co*., 459 F.3d 595, 598 (5th Cir. 2006); *Anderson v. Montgomery Ward & Co., Inc*., 852 F.2d 1008, 1016 (7th Cir. 1988). This exception applies where one's claim arises out of the same or similar discriminatory conduct and where the EEOC filing gave notice of the charge's collective nature. *See e.g.*, *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 293 (4th Cir. 2004); *Bettcher v. Brown Sch., Inc.*, 262 F.3d 492, 494-95 (5th Cir. 2001).

The Seventh Circuit has expressed a deep skepticism for application of the single filing rule in a case with only two complainants. *See Horton v. Jackson Cnty. Bd. of Cnty. Comm'rs*, 343 F.3d 897, 900 (7th Cir. 2003). (in "a two-complainant case . . . the rationale of the doctrine is attenuated to the point of nonexistence.") Although the court does not confine the single-filing doctrine to class actions, as is the case in some circuits, *see, e.g. Comm'ns Workers of Am. v. N.J. Dep't of Pers.*, 282 F.3d 213, 217 (3rd Cir. 2002), the most powerful argument for its application - namely, lessening the burden on the EEOC - is found in suits with a large number of plaintiffs. *See Horton*, 343 F.3d at 900.

Nevertheless, the court did leave the door ever so slightly ajar for a case with only two plaintiffs. The standard is that the claims must arise from "the same facts rather than merely from facts that resemble each other or are causally linked." *Id*. at 901. According to the court, too broad an application of the doctrine would undermine the administrative process and serve to excuse the filing of a charge any time another employee exhausted his administrative remedies and alleged similar conduct. *See id*.

In this case, it would not place a burden on the EEOC to require employees in the position of Watkins to file a timely charge. In fact, demanding similarly situated employees to file a charge would offer those employees an opportunity to use the conciliation services offered by the EEOC and would place an employer on notice of potential suits.

Viewing the evidence in a light most favorable to Watkins, it does not appear that he was terminated because of the "same" unlawful acts. Plaintiffs are African-Americans employed at the same facility under the same general manager. They were fired for alleged violations of the same policy. However, Watkins was fired four months after Scott. The underlying accidents -

4

whether or not they were "preventable" (a determination Plaintiffs dispute) - are all distinct incidents that happened at different times and involved different circumstances.

Although Plaintiffs were fired for purported violations of the same policy, and were both African-Americans, because of the time between terminations and the fact that the underlying circumstances are different it follows that their claims do not arise from the same facts. As the court noted in *Horton*, "[u]nless the single-filing doctrine is limited to cases in which the claims arise from the same facts rather than merely from facts that resemble each other or are causally linked," then courts will be excusing the filing of a timely charge in every case in which employees allege similar unlawful conduct. *Horton*, 343 F.3d at 901. Though the claims may be similar, this is not enough under *Horton* to excuse a failure to follow the statutory requirements.

**B. Class Discovery**

As an alternative route to avoiding summary judgment, Plaintiffs contend that a class of plaintiffs may exist and that only through discovery can the scope of the class be ascertained. In support of this claim, Plaintiffs reach back to Scott's EEOC charge, which mentions a possible class of discriminated African-Americans. Beyond that reference to a class, at the present time there is no indication that a class exists. There was no class allegation in the complaint itself, no evidence or additional basis for speculation has been submitted about additional complainants, and Plaintiffs have not moved to certify a class.

The only potential class members thus far are the three individuals identified in this litigation. Plainly, as it stands now, this number falls well short of the numerosity requirements for a class action. *See* Fed. R. Civ. P. 23(a)(1); *see also Pruitt v. City of Chi.*, 472 F.3d 925, 926-27 (7th Cir. 2006). Nearly seven years has passed since Mr. Scott, the first plaintiff, was

5

terminated from his employment. The civil case before me has been pending for over a year. Under the circumstances, I regard it as extraordinarily unlikely that a significant number of additional putative class members would be revealed through class discovery, let alone a sufficient number for Plaintiffs to carry their burden of establishing numerosity under Rule 23 at the class certification stage. *See Roe v. Highland*, 909 F.2d 1097, 1100 (7th Cir. 1990) ("[M]ere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)." (quotation omitted)). I therefore decline to permit further discovery on the issue of the size of a putative class.

## V. CONCLUSION

For the foregoing reasons, I grant summary judgment for Defendant against Plaintiff Watkins.

ENTER:

*[signature: James B. Zagel]*

James B. Zagel
United States District Judge

DATE: August 18, 2011